Swaine *v.* Maryott.

JAMES J. SWAINE and others, respondents,

and

MARY E. MARYOTT and others, appellants.

1. The burden of proving the due execution and contents of a lost contract rests on the party claiming under it.

2. When a contract shows on its face that it was executed by an agent, in order to bind the person named as principal the authority of the agent to act for the principal must be shown.

3. Unilateral or optional contracts are not generally favored in equity.

The facts of this case appear in the following opinion of the vice-chancellor, from which the appeal was taken.

*Mr. R. Wayne Parker*, for appellants.

*Mr. A. S. Jackson*, for respondents.

THE VICE-CHANCELLOR.

This is a foreclosure suit. The defence rests mainly upon an agreement, alleged to have been made by the complainants with the defendants, to cancel and surrender the mortgage on which their action is founded. It is said to be lost. What purports to be the original draft of it has been produced. The burden of proving its due execution and contents rests on the defendants. The defendants' evidence

on this point comes almost exclusively from the mouth of one of the defendants. He is flatly contradicted by the father of the complainants. Besides, his account of the manner in which the original draft happened to be made rather repels than invites confidence. The mortgagors conveyed three acres of the mortgaged premises to the mother of the complainants a few days after the agreement is alleged to have been executed. This deed contains a stipulation that the grantee shall pay such portion of the mortgage debt as the complainants shall require her to pay, and refers to a contract made more than two months before its date, but not to the lost contract. It is difficult to understand why the grantee of the three acres should have been required to stipulate to pay any part of the mortgage debt, if the whole was very soon thereafter to be discharged by a cancellation of the mortgage. The agreement was lost under rather extraordinary circumstances. The defendants say it was handed to a justice of the peace, before whom the father of the complainants had sued the defendant, Charles F. Maryott. Judgment passed against Maryott, and he appealed. The justice says three papers were offered in evidence; he does not think the agreement was among them, but whatever they were, they were sent to the clerk with the other papers. The defendant obtained, at the clerk's office, the papers offered in evidence, but not the agreement. It is not shown how a loss of one was possible without the others sharing the same fate. The proof fails to satisfy me that an agreement of the nature alleged ever existed.

It is admitted the agreement was not executed by the complainants in person, but it is said their father signed it as their attorney in fact. His authority has not been shown. If a due execution by the father had been shown, I think the defence would still be fatally defective for want of proof of the father's authority.

The defendants also insist that, by a contract made by them with the complainants, on the 20th of January,

Swaine *v.* Maryott.

1870, the complainants agreed to purchase, of them certain lands, and surrender their mortgage as a payment of part of the purchase-money they agreed to pay. I cannot read this contract as the defendants insist it shall be read. Stated with substantial accuracy, it is an agreement by Maryott to sell to the complainants the one-half of certain lands for $17,900; the complainants agree to advance $3,600 at once, to enable him to pay a decree under which certain of his lands were then advertised for sale, the payment of which he agreed to secure by a mortgage, payable two years after date, with interest from date; the complainants are given liberty to surrender their mortgage and pay $14,300 at any time within one year from the date of the contract, and on such surrender and payment Maryott agreed to convey the lands.

The contract is unilateral; Maryott agreed to sell, but the complainants did not agree to buy. They might purchase or not, as they saw fit. If they elected to purchase within the period named, the contract gave them the right, on the surrender of their mortgage and the payment of the balance of the purchase-money, to demand a conveyance, but unless they so elected the defendants could not require them to accept a conveyance. An optional contract is not generally favored in equity, especially when the party who is free is attempting to enforce it against the party who is bound. *Pinner* v. *Sharp*, 8 *C. E. Gr.* 274; but here the effort is to bind him, who, by its terms, is free. It is apparent from the face of this contract that the parties intended it should not be mutual. It provided that the defendants should have two years within which to pay their mortgage, but the complainants' option to purchase was to be exercised within one year. If it had been understood the complainants were making a contract whereby they were to become bound to take title to the land under any circumstances, the money advanced would, by most persons dealing under like circumstances, have been treated as a payment on account of the purchase-money, or, if for any

purpose security was deemed advisable, the mortgage would have been made payable when the title was to be conveyed to the purchaser.

. The defence is not proved. The complainants are entitled to a decree.

THE CHIEF JUSTICE.

The defence in this case was based upon an alleged agreement in writing which was said to have been mislaid and lost. Whether this paper had ever existed was the matter of fact which was in controversy. The burthen of proof upon this subject was on the defendants; and the vice-chancellor, who heard the cause, was of the opinion that they had not, in this contention, been successful. After a careful examination of the proofs I concur in this result.

This conclusion renders it unnecessary to consider the legal points that would have arisen in case a contrary view upon the merits had been taken.

I shall vote to affirm the decree.

. Decree unanimously affirmed.